UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CRIMINAL ACTION NO. |
| | ) | |
| RANDY HEITMAN, | ) | 3:95-CR-0160(4)-G |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the unopposed motion for compassionate release from imprisonment filed by the defendant Randy Heitman pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (docket entry 663). For the reasons stated below, the motion is **GRANTED**.

### I. BACKGROUND

Randy Heitman ("Heitman") is a 70 year old man with Stage IV metastatic prostate cancer.[1] Heitman seeks compassionate release from prison due to his cancer, his advanced age, and his particular susceptibility to COVID-19.

---

[1] Stage 4 prostate cancer is defined by the Mayo Clinic as "cancer that begins in the prostate and spreads to nearby lymph nodes or to other areas of the body." *See* Docket Entry 665 ("Appendix II") at RH638.

Heitman was convicted in 1996 of a single count of conspiring to distribute at least 100 grams of methamphetamine, in violation of 21 U.S.C. § 846.  *See* Sealed Indictment (docket entry 1); Jury Verdict (docket entry 432).  On June 11, 1996, the court sentenced Heitman to 360 months of imprisonment to be followed by a five-year term of supervised release.  *See* Judgment (docket entry 472); Amended Judgment (docket entry 610) at 2-3.

Currently, Heitman is an inmate at the FCI Butner Low ("Butner Low") in North Carolina, where he was transferred for treatment of his cancer.  Memorandum of Law in Support of Defendant Randy Heitman's Motion for Compassionate Release ("Motion") (docket entry 669) at 1; Motion, Exhibits A-E ("Appendix I") at RH275.  According to the Bureau of Prisons ("BOP"), 615 inmates and 10 staff members at Butner Low have tested positive for COVID-19.  *See* FEDERAL BUREAU OF PRISONS, COVID-19, https://www.bop.gov/coronavirus (last visited June 12, 2020).[2]  Heitman maintains that Butner Low "inmates are given masks, but they must wash and reuse them," inmates are not given gloves, "living conditions make it impossible

---

[2]    The court notes that other courts have found that the Butner Complex, and Butner Low in particular, has been hit hard by the COVID-19 pandemic.  See *United States v. Bess*, No. 16-CR-156, 2020 WL 1940809, at *1, *8 (W.D.N.Y. Apr. 22, 2020) (noting that "the conditions at Butner [Low] are exceptionally dangerous," and that "[a]lthough the facility had passed out masks to inmates, other inmates were using them only sporadically and also were inconsistent about washing their hands.") (internal brackets and quotations omitted)); *United States v. Scparta,* No. 18-CR-578 (AJN), 2020 WL 1910481, at *1 (S.D.N.Y. Apr. 20, 2020).

to maintain the social distancing required by the CDC," and that "cellmates sleep as close as two feet away from each other." Motion at 18; Appendix II at RH729, RH731.

Heitman's prostate cancer has metastasized to his spine, pelvis, and lower ribs. Motion at 1; Appendix I at RH489. A BOP health services report from September 9, 2019 indicates that Heitman was "prescribed Lupron injections every 6 months for a total of 18 months with monthly zometa infusions" to manage the spread of his cancer. *Id.* at RH249. In addition to his prostate cancer, Heitman suffers from Chronic Obstructive Pulmonary Disease ("COPD"), hypertension, and various other ailments. *See id.* at RH 574-75; Motion at 5-6.[3] On November 20, 2019, Heitman took a spirometry test that showed "very severe airflow obstruction." Appendix I at RH435. A BOP treatment note from June 2019 indicates that Heitman's COPD causes him "some activity limitation," and a November 2019 BOP medical duty status note indicates that Heitman "needs to stop frequently to catch his breath." *Id.* at RH285, RH348. His treatment notes further indicate that Heitman uses two types of inhalers—albuterol and formoterol—as well as various other prescription drugs. Motion at 5; Appendix I at RH563.

---

[3] These conditions include: "glaucoma, senile macular degeneration, hyperlipidemia, []a back disorder most likely attributable to osteoarthritis," and "hyperinflated lungs and mild calcific atherosclerosis in the aorta and coronary artery." Motion at 5-6.

- 3 -

On April 3, 2020, Heitman had a visit with Butner Complex physician Dr. Michael Nwude ("Dr. Nwude"). Motion at 6. Dr. Nwude completed a Comprehensive Medical Summary form which states that Heitman has "Stage IV Malignant neoplasm of the prostate" and COPD, and that Heitman "has been diagnosed with a terminal, incurable disease." Appendix I at RH574-75. The summary indicates that, as of April 2020, Heitman had a life expectancy of 60 months. *Id.* at RH575. The summary also indicates that Heitman has two other "significant medical condition(s) . . . that substantially diminish [his] ability to function in a correctional facility:" (1) "obstructive and restrictive lung diseases;" and (2) "severe musculoskeletal degeneration." *Id.*

Heitman filed his motion for compassionate release on May 29, 2020 (docket entry 663), and his sealed memorandum in support on June 1, 2020 (docket entry 669). By his motion, Heitman seeks an order of compassionate release under 18 U.S.C. § 3582 on three bases. Heitman asserts that (1) his stage IV prostate cancer, (2) his advanced age, and (3) his heightened susceptibility to COVID-19 each constitute an extraordinary and compelling reason for release under 18 U.S.C. § 3582 and the relevant Sentencing Commission policy statements. Motion at 13-18.

On June 9, 2020, the Government filed a one-page response to Heitman's motion which states, in pertinent part:

> Although the defendant's condition may not meet the statutory definition of "terminal illness" as defined in 18

- 4 -

> U.S.C. § 3582(d), the defendant does have a condition with end-of-life trajectory and is considered highly vulnerable to the [COVID]-19 virus. Considering these factors, as well as the defendant's designation as a low risk inmate and his lack of any violent history, the government does not oppose the defendant's request for compassionate release.

Response to Defendant's Motion for Compassionate Release ("Government's Response") (docket entry 670) at 1. In light of the Government's lack of opposition, Heitman's motion is now ripe for determination.

## II. ANALYSIS

### A. Legal Standard for Motions for Compassionate Release under the First Step Act

"A district court lacks inherent authority to modify a defendant's sentence after it has been imposed." *United States v. Delgado*, No. 3:17-CR-242-B (01), 2020 WL 2542624, at *1 (N.D. Tex. May 19, 2020) (Boyle, J.) (citing 18 U.S.C. § 3582(c)). Under 18 U.S.C. 3582(c)(1)(A)(i) (as amended by the First Step Act of 2018), however, a court "may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "The [c]ourt's decision must also be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Delgado*, 2020 WL 2542624, at *1 (quoting 18 U.S.C. § 3582(c)(1)(A)).

Under § 3582(c)(1)(A) of the First Step Act, a motion for compassionate release may be brought by the BOP or by a defendant.  *Chambliss*, 948 F.3d at 692-93; *id.* at 693 n.1.  Before filing such a motion, a defendant generally must exhaust the administrative remedies set forth in the Act.  See *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) ("Though [the First Step Act] contains its own administrative exhaustion requirement, several courts have concluded that this requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic.").

### B.  Application

#### 1.  *Exhaustion of Administrative Remedies*

The Government does not dispute, and the court concludes, that Heitman has exhausted his administrative remedies.  A defendant exhausts his administrative remedies when he "fully exhaust[s] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Here, Heitman submitted a sentence reduction request to the warden of the Butner Complex, which the warden denied on July 29, 2019.  Motion at 7; Appendix I at RH625.  Heitman subsequently appealed the denial of his request to the warden of Butner Low, the BOP's Regional

Office, and the BOP's Central Office. His request was denied at each level, and an Administrator of National Inmate Appeals issued the BOP's final denial on April 6, 2020. Motion at 7; Appendix I at RH622, RH626-628. Accordingly, the court concludes that Heitman has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A).

### 2. *Extraordinary and Compelling Circumstances Warrant Heitman's Compassionate Release*

As noted above, Heitman asserts three separate justifications in support of his motion for compassionate release: (1) his stage IV prostate cancer is a terminal illness, (2) his advanced age, and (3) his heightened susceptibility to COVID-19. In light of the Government's concession that Heitman has "a condition with end-of-life trajectory and is considered highly vulnerable to the [COVID]-19 virus," and the Government's lack of opposition to the relief sought, the court need only consider the first and third bases on which Heitman relies.

District courts in the Fifth Circuit have determined that, in the wake of the First Step Act, the policy statement relating to motions for compassionate release housed in U.S.S.G. § 1B1.13 is no longer binding on judges. *United States v. Gonzales*, No. SA-05-CR-561-XR, 2019 WL 5102742, at *2-*3 (W.D. Tex. Oct. 10, 2019) ("Inasmuch as the Sentencing Guidelines are no longer mandatory, it seems inconsistent to hold that judges are nevertheless bound by U.S.S.G. § 1B1.13. . . . Accordingly, this Court will consider U.S.S.G. § 1B1.13 and apply its discretion.")

(citations omitted); *United States v. Lee*, No. 3:07-CR-289-M-2, Docket Entry 1950 at 7 (N.D. Tex. Apr. 23, 2020) (Lynn, Chief J.) (same). Under the approach to adjudicating motions for compassionate release adopted in *Gonzales* and *Lee*, a court considers the terms of U.S.S.G. § 1B1.13 while exercising its discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release. See *United States v. Lee*, No. 3:07-CR-289-M-2, Docket Entry 1950 at 7-8 (N.D. Tex. Apr. 23, 2020) (Lynn, Chief J.). Here, the court will do the same.

Upon careful consideration of Heitman's particular medical status, his living conditions at the Butner Low facility, and the relevant policy concerns, the court concludes that (1) Heitman is suffering from a terminal illness as that term is defined in U.S.S.G. § 1B1.13 cmt. n.1(A)(i), and (2) Heitman's heightened vulnerability to COVID-19 constitutes an extraordinary and compelling reason to grant his motion for compassionate release.

      i. *Heitman's Stage IV Prostate Cancer is a Terminal Illness*

Heitman has established that he suffers from Stage IV metastatic prostate cancer that has metastasized to his pelvis, spine, and ribs. Appendix I at RH574-75. The commentary to the policy statement applicable to compassionate release—U.S.S.G. 1B1.13—expressly provides as follows:

> [E]xtraordinary and compelling reasons exist . . . [where] [t]he defendant is suffering from a terminal illness (*i.e.*, a

- 8 -

> serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer[.]

U.S.S.G. § 1B1.13 cmt. n.1(A)(I).

Here, Dr. Nwude's Comprehensive Medical Summary of Heitman's condition indicates that Heitman's prostate cancer is a terminal, incurable disease, and that Heitman's "life expectancy [was] 60 months" when the summary was conducted in April of 2020. Appendix I at RH575. Accordingly, the court concludes that Heitman's metastasized Stage IV prostate cancer falls squarely within the Sentencing Guidelines' definition of terminal illness. See *United States. v. Laughlin*, 3:12-CR-30081-RM-BGC (C.D. Ill. Sept. 23, 2019), Docket Entry 55 at 6-7 (granting release of defendant with cancer whose life expectancy exceeded 24 months, notwithstanding the BOP's policy of granting requests for release based on a terminal illness only where a defendant's life expectancy is less than 18 months).

### ii. *Heitman's Susceptibility to COVID-19 is an Extraordinary and Compelling Reason Warranting His Release*

In addition to his cancer, Heitman asserts that his susceptibility to COVID-19 constitutes an extraordinary and compelling reason warranting his release.

Courts have determined that a defendant's susceptibility to COVID-19 may provide extraordinary and compelling grounds for compassionate release where the defendant's health and living conditions render the defendant particularly vulnerable

- 9 -

to COVID-19.  See, e.g., *United States v. Lee*, No. 3:07-CR-289-M-2, Docket Entry 1950 at 8 (N.D. Tex. Apr. 23, 2020) (Lynn, Chief J.) (finding "extraordinary and compelling reason for compassionate release" based on defendant's age (54 years old), asthma, bronchitis, hypertension, "recent hospitalization for breathing complications," and "the rapid spread of COVID-19 at FCI Oakdale"); *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020) (granting release where defendant's "end stage renal disease, diabetes, and arterial hypertension" rendered him "particularly vulnerable to severe illness from COVID-19"); *United States v. Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *2-*3 (E.D. Wash. Mar. 31, 2020) (granting release where defendant's age (64 years old), COPD, and emphysema rendered her "particularly vulnerable" to COVID-19).

Among the circumstances that are considered "extraordinary and compelling reasons" under the Sentencing Guidelines "are the 'medical condition of the defendant,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'"  *Muniz*, 2020 WL 1540325, at *1 (quoting U.S.S.G. 1B1.13 cmt. n.1.).

- 10 -

Heitman suffers not only from stage IV prostate cancer, but also from COPD, hypertension, and various other ailments as well. Heitman's COPD results in "severe airflow obstruction." *See* Appendix I at RH435. Heitman is 70 years old and the Butner Low facility where he is housed currently has 642 inmates and 9 staff members that have tested positive for COVID-19. The Centers for Disease Control and Prevention ("CDC") lists "people aged 65 years and older" and people who suffer from "[c]hronic lung disease, such as . . . COPD," among the groups of people at higher risk for severe illness due to COVID-19. CENTERS FOR DISEASE CONTROL AND PREVENTION, Groups at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited June 12, 2020). In light of Heitman's advanced age, COPD, and hypertension, combined with the staggering 625 confirmed active COVID-19 cases at Butner Low, the court concludes that Heitman "presents an extraordinary and compelling reason for compassionate release and that such release is consistent with applicable policy considerations." See *Muniz*, 2020 WL 1540325, at *1.

      3. *Applicable Policy Factors Support Heitman's Motion*

Before granting a motion for compassionate release, courts are required to consider the applicable sentencing factors under 18 U.S.C. § 3553(a) and to determine that a defendant would not pose a danger to the safety of the community. *Chambliss*, 948 F.3d at 692-93; *Muniz*, 2020 WL 1540325, at *1 (citing U.S.S.G. §

- 11 -

1B1.13(2)).  Upon consideration of the applicable Section 3553(a) factors, the court concludes that the factors support Heitman's request for compassionate release and that Heitman is unlikely to pose a theat to the community.  Heitman has served more than 22 years of his 30 year sentence, and has accrued a total of 1,134 days of good time credit.  *See* Appendix I at RH630.  Furthermore, Heitman appears to have a strong support system waiting for him, which mitigates any concerns of recidivism.  *See* Motion at 20-21.  Additionally, the five-year term of supervised release originally imposed in this case remains in effect, further mitigating any concerns that Heitman will pose a danger to the community.  Although the court does not discount the seriousness of the crime of which Heitman was convicted, the court notes that Heitman's offense was nonviolent.  *See* Government's Response at 1 (noting "the defendant's designation as a low risk inmate and his lack of any violent history").

### III.  CONCLUSION

In accordance with the foregoing, the defendant Randy Heitman's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is **GRANTED**.  The remainder of Heitman's custodial sentence is modified to time served.  The Bureau of Prisons is instructed to release Heitman on **Monday June 15, 2020**.

**SO ORDERED**.

June 12, 2020.

_____
A. JOE FISH
Senior United States District Judge